**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RUSSELL TINSLEY,              :<br>                              :<br>          Petitioner,         :<br>                              :<br>     v.                       :<br>                              :<br> STEVEN JOHNSON, et al.,       :<br>                              :<br>          Respondents.        :<br>                              : | Civil No. 10-3365 (FSH)<br><br>O P I N I O N |

**APPEARANCES:**

Russell Tinsley, Pro Se
563
C/O STU
9 Production Way
Avenel, NJ 07001-0905

David L. DaCosta
Office of the NJ Atty General
Department of Law and Safety
25 Market Street, P.O. Box 112
Trenton, NJ 08625
Attorney for Respondents

**HOCHBERG, District Judge**

Petitioner filed an "extraordinary circumstances writ", construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging an order entered by the Superior Court of New Jersey, Law Division,, on May 3, 2010, temporarily civilly committing him as a sexually violent predator ("SVP") (docket entry 1).  For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction for failure to exhaust his state court remedies, and deny a certificate of appealability.  Petitioner's pending motion to appoint counsel will also be dismissed.

## BACKGROUND

The following facts are taken from the response to the petition and accompanying record, filed by Respondents.

Petitioner has a history of convictions for sexual offenses against women in California and Pennsylvania.  In Pennsylvania, Petitioner was convicted on January 8, 2008 to 23 months in prison and was assessed a "sexually violent predator."  On March 5, 2008, Petitioner was convicted in New Jersey of theft by unlawful taking and eluding police officers.  He received a six-year prison term.  The incident happened in 1997; however, after pleading guilty, Petitioner did not immediately serve his sentence.  Instead, prior to sentencing, he was extradited to California to answer to an active warrant on a sexual assault parole violation.  Even after he served his term in California, Petitioner was not returned directly to New Jersey.  Instead, he was sent to Nevada to answer charges of failure to register as a sex offender.  Petitioner waived extradition and was sent to New Jersey to finally be sentenced on the 1997 New Jersey charges.  He was expected to max out of his prison term for the 1997 charges on May 12, 2010.

On May 3, 2010, New Jersey petitioned to civilly commit Petitioner under the New Jersey Sexually Violent Predator Act

("SVPA"), N.J.S.A. § 30:4-27.24, et seq.[1]  The court found probable cause to believe Petitioner was a sexually violent predator in need of commitment, and Petitioner was temporarily committed to the Special Treatment Unit pending a final hearing in the matter.

Petitioner then challenged the jurisdiction of the New Jersey court, which postponed the initial commitment hearing.  On October 7, 2010, the state court denied Petitioner's motion to dismiss based on jurisdiction.  On October 27, 2010, Petitioner filed a motion for leave to file an interlocutory appeal from the Order denying his motion to dismiss.  On January 5, 2011, the Superior Court of New Jersey, Appellate Division, denied the motion.  On April 7, 2011, the New Jersey Supreme Court affirmed the denial.

Petitioner filed the instant petition on July 1, 2010, during the pendency of Petitioner's state court proceedings. Petitioner's claims in this habeas petition mirror the claims

---

[1] The SVPA, enacted in 1998 and effective August 12, 1999, permits the involuntary civil commitment of a "sexually violent predator" to a separate and secure facility for control, care and treatment.  See N.J.S.A. § 30:4-27.24, et seq.  A "sexually violent predator" is defined as "a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment." N.J.S.A. § 30:4-27.26.

raised in his motion for leave to file an interlocutory appeal from the denial of his motion to dismiss for jurisdiction in the state court.

## DISCUSSION

### A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c).

Furthermore, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2254(a) of Title 28 of the United States Code gives a district court jurisdiction to entertain a habeas petition brought by a person in state custody on the ground that the

4

inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Lack of jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

**B.    Exhaustion**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective ...."[2]  28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert, 134 F.3d at 513 (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the

law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. See 28 U.S.C. § 2254(c).

Here, Petitioner's claims have not been exhausted, because the state court has not reviewed his claims on a fully developed record. It is possible that the New Jersey courts, were they to examine the full record of the case, would find that Petitioner did not meet the criteria for commitment under the SVPA. The state courts have not yet had the chance to do so. The only

issue decided by the New Jersey state appellate courts is that the claims do not warrant the grant of an interlocutory appeal. With the filing of this petition, which mirrors the interlocutory appeal, Petitioner attempts to have this court consider issues that should be, and will be, reviewed by the state court in his initial commitment hearing, and possible appeal of said hearing.

**C.   Merits**

Alternatively, Petitioner's claims challenging his temporary commitment order appear meritless.

In New Jersey, upon receipt of a petition, the court conducts a temporary commitment hearing. See N.J.S.A. 30:4-27.28(f). At this hearing, the court examines the supporting certifications and determines whether probable cause exists to believe that the individual qualifies as an SVP. See id. If the court finds probable cause, it issues an order authorizing temporary commitment to a secure facility designated for the care, control and treatment of SVPs, pending a final hearing. See id. The SVPA mandates that the individual under a temporary commitment order shall not be released from confinement before the final hearing, which will be scheduled within twenty (20) days after the initial hearing. See N.J.S.A. 30:4-27.28(f), (g), and 30:4-27.29(a).

In the case at issue, it is clear from the record that the statutory requirements for temporary commitment were met.

8

Respondents have presented the record, which reveals that the Attorney General presented two clinical certificates, which the judge reviewed and found probable cause to temporarily commit Petitioner.  Petitioner was properly transferred to a secure facility prior to the final hearing.  Petitioner's final hearing has been delayed by Petitioner's own litigious efforts.  Thus, it does not appear that Petitioner's rights have been constitutionally violated at this juncture in the state proceedings.[3]

D.  **Certificate of Appealability**

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme

---

[3] This Court notes that under Federal law, the procedures utilized by New Jersey in identifying and detaining sexually violent predators have withstood constitutional challenges.  See Kansas v. Hendricks, 521 U.S. 346 (1997)(finding that the Kansas sexually violent predator statutes, similar to New Jersey's statute, did not violate due process, ex post facto prohibition, or double jeopardy prohibition); see also Greenfield v. New Jersey Dep't of Corrections, 382 N.J. Super. 254, 263 (App. Div. 2006)(finding that the SVPA "provides an affected individual the opportunity to be heard 'at a meaningful time in a meaningful way.' The Constitution requires no more."); In re Commitment of W.Z., 339 N.J. Super. 549 (App. Div. 2001)(upholding SVPA against constitutional challenges).

9

Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

This Court denies a certificate of appealability in this case because jurists of reason would not find it debatable that dismissal of the petition for lack of exhaustion is correct.

## CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims after exhaustion, and denies a certificate of appealability.

```
                                s/ Faith S. Hochberg
                                FAITH S. HOCHBERG
                                United States District Judge
Dated: November 22, 2011
```